IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 897 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| SEBASTIAN WIGGINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on petitioner Sebastian Wiggins' petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss the habeas petition. For the following reasons, the government's motion to dismiss the petition is granted.

### BACKGROUND

Sebastian Wiggins was sentenced to sixty months in prison and five years supervised release after he pled guilty to distribution of a controlled substance (cocaine base), which carried with it a sixty-month statutory minimum sentence and a minimum of four years of supervised release. 21 U.S.C. § 841(b)(1)(B) (2002). The sentencing guideline range according to Wiggins' particular circumstances was between sixty-three and seventy-eight months, but the Court departed downward from an offense level of 25 to 24 due to Wiggins' family circumstances, the extensive time between his arrest and sentence, the amount of drugs, and because of a criminal history consisting of relatively insignificant offenses. As part of the terms of the judgment, the Court recommended to the Bureau of Prisons (BOP) that Wiggins be considered for the Intensive Confinement Program

(boot camp) program when he became eligible and that he be incarcerated at a facility close to Chicago. Wiggins' plea agreement did not contain any mention of boot camp being part of the imprisonment terms. Wiggins reported to the federal prison in Oxford, Wisconsin, on March 17, 2003. Assuming good credits earned and projected, he will be eligible for release in July 2007.

On January 5, 2005, the BOP disbanded the boot camp program. In a letter to federal judges dated January 15, 2005, the BOP stated that the boot camp program would be terminated "effective immediately" and that individuals currently enrolled would be allowed to complete the program, but that no new individuals would be enrolled. Subsequently, on February 13, 2005, Wiggins filed this § 2255 petition in which he requested a sentence reduction to forty-eight months in light of the BOP's decision. Wiggins claims that he was scheduled to start boot camp in August 2005. He also claims that because the Court recommended that he be considered for the boot camp program (which if successfully completed offers a prisoner an opportunity to serve out the remainder of his sentence in community confinement, as well as up to a six-month sentence reduction), a forty-eight-month sentence is what the Court originally intended that he serve. Wiggins argued that the Court has the power under the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which eliminated the mandatory nature of the Federal Sentencing Guidelines, to sentence him to this reduced forty-eight month term.

The government responded by asking the Court to dismiss Wiggins' motion because § 2255 is only proper under certain circumstances, such as when a sentence violates the Constitution. Additionally, the government noted that judges only have the power to "recommend" a boot-camp placement, but that final authority for admission to the program rests with the BOP. The government

argues that Wiggins should file a 28 U.S.C. § 2241 petition in the jurisdiction in which he is located if he desires to challenge the conditions of his imprisonment.

Wiggins' reply raised the following issues: 1) the BOP's termination of the program exceeded the BOP's authority, 2) the BOP's actions violated the notice-and-comment requirements for agency rulemaking under 5 U.S.C. § 553, and 3) the BOP's action violated Art. I, § 9, cl. 3 (the *ex post facto)* clause of the Constitution.

## DISCUSSION

Under § 2255, an individual can petition a district court to vacate, set aside, or correct a federal sentence. 28 U.S.C. § 2255. Collateral relief under § 2255 is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Alternatively, a prisoner who believes that conditions of confinement result in violations of U.S. law may bring a 28 U.S.C. § 2241 habeas petition in the district in which he or she is confined. *See Rasul v. Bush*, 542 U.S. 466, 473 (2004). The BOP's decision to discontinue the operation of its boot camp programs has prompted prisoners who were under the impression that they would be able take advantage of the program's benefits,

3

namely that successfully completing prison boot camp would reduce their time in custody, to file habeas petitions under both § 2255 and § 2241 in federal courts across the country.

A few of these cases have been successful. *See, e.g., Castellini v. Lappin*, 365 F. Supp. 2d 197 (D. Mass. 2005) (enjoining the BOP from terminating the boot camp program because prisoner, who was scheduled to self-report to an ICC on January 6, 2005, had a reasonable likelihood of success on his Administrative Procedure Act and *ex post facto* claims); *United States v. Coleman*, No. 3:03CR156, 2005 WL 233825 (D. Conn. Jan. 25, 2005) (holding that thirteen-month sentence that included ICC recommendation, scheduled to begin on February 11, 2005, should be vacated and defendant should be resentenced because the judge held material false assumptions about the availability of the program); *United States v. McLean*, No. 03-30066-AA, 2005 WL 2371990 (D. Or. Sept. 27, 2005) (holding that although there were no Administrative Procedure Act violations or *ex post facto* violations, the sentence, issued on December 16, 2004, was rendered in violation of due process because the judge relied on the erroneous fact that the program existed).

However, several petitions have not been successful. *See, e.g., Mithaugen v. Fed. Bureau of Prisons*, No. 4:05-CV-0406-Y, 2005 U.S. Dist. LEXIS 22711 (N.D. Tex. Oct. 6, 2005) (holding that defendant, who was ordered to surrender on Jan. 10, 2004, and who was sentenced to eighteen months with an ICC recommendation, must file a § 2255 petition rather than a § 2241 petition, because she intended to collaterally attack her sentence); *Mendez v. United States*, No. EP-05-CA-0171-FM, No. EP-03-CR-2217-FM, 2005 U.S. Dist. LEXIS 22627 (W. Dist. Tex. Sept. 23, 2005) (dismissing § 2255 petition because judge did not rely on ICC's continuing availability in issuing a twenty-seven-month sentence, and holding that defendant should bring a

§ 2241 petition if she wants to challenge the way the BOP is administering her sentence); *United States v. Serrato*, No. CR 02-26-BR, No. CV 05-696-BR, 2005 U.S. Dist. LEXIS 23250 (D. Or. July 14, 2005) (prisoner entered prison on November 5, 2004, with expectation that she would be eligible for boot camp, but her claim must be brought under § 2241 rather than § 2255 because the court's misinformation as to the continued existence of the ICC program did not rise to an error of constitutional magnitude); *Ojeda v. Bureau of Prisons*, No. Civ. A.H-05-2327, 2005 WL 23887257 (S. D. Tex. Sept. 27, 2005) (dismissing § 2241 petition because prisoner, sentenced to a forty-six-month term and who entered custody on October 8, 2004, was not statutorily eligible to attend the boot camp program).

Each of these cases rests on its discrete facts, and the individual circumstances of each prisoner and each sentencing court are important. The opinions discuss, *inter alia*, the judge's subjective expectations when sentencing the defendant, the severity of the defendant's crime, the court's sentencing options, and the span of time between the sentencing date and the BOP's policy change.

In this case, it is clear from the outset that Wiggins' § 2255 petition must be dismissed because the circumstances of his sentence indicate that no constitutional error occurred at or before sentencing, but rather the BOP's subsequent policy change has potentially impacted the terms of that sentence. When a prisoner is attacking the fact or length of his confinement in a federal prison based on something that happened after he is convicted and sentenced, he may bring a habeas petition under § 2241. *Waletzki v. Keohane*, 13 F.3d 1079, 1081 (7th Cir. 1994). Indeed, in cases with facts similar to this one brought under § 2255 in other districts, judges have dismissed the petitions and ordered the cases to be brought under § 2241 in the jurisdiction in

which the petitioner is being held. *See Mendez*, 2005 U.S. Dist. LEXIS 22627; *Serrato*, 2005 U.S. Dist. LEXIS 23250. While the Bureau of Prisons decision may change the way in which Wiggins' serves his sentence, it does not affect the lawfulness of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) (holding that subsequent decision by the U.S. Parole Commission that allegedly extended a defendant's prison term did not establish a basis of collateral attack under § 2255). Therefore, while Wiggins' claims under the Administrative Procedure Act and Constitution might have some merit, they would be more appropriately explored in a petition brought under § 2241 in the jurisdiction in which he is located.

Moreover, even if the Court had sentenced Wiggins with the intent that his participation in the boot camp program would allow him a shorter prison term, a § 2255 petition requesting a one-year reduction in sentence would serve no valid purpose because the crime to which Wiggins pled guilty carries with it a statutory minimum sixty-month sentence, which is what he received. 21 U.S.C. § 841(b)(1)(B). Despite Wiggins' contention that the Court now has authority to sentence him to forty-eight months under the Supreme Court's decision in *United States v. Booker*, the Court does not in fact have such power in the face of a statutory sentencing scheme that Congress has imposed for Wiggins' particular offense. *See United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005) (explaining that *Booker* does not give a sentencing court discretion to disregard a statutory minimum). In fact, the Court originally sentenced Wiggins to less than the guideline floor, which was sixty-three months. Thus even if his claims were meritorious, a resentencing would result in the same sixty-month result, only this time without the inclusion of a boot camp recommendation. Furthermore, the Court finds persuasive the government's argument that the Court can only *recommend* a defendant to boot camp, but that the final

which the petitioner is being held. *See Mendez*, 2005 U.S. Dist. LEXIS 22627; *Serrato*, 2005 U.S. Dist. LEXIS 23250. While the Bureau of Prisons decision may change the way in which Wiggins' serves his sentence, it does not affect the lawfulness of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) (holding that subsequent decision by the U.S. Parole Commission that allegedly extended a defendant's prison term did not establish a basis of collateral attack under § 2255). Therefore, while Wiggins' claims under the Administrative Procedure Act and Constitution might have some merit, they would be more appropriately explored in a petition brought under § 2241 in the jurisdiction in which he is located.

Moreover, even if the Court had sentenced Wiggins with the intent that his participation in the boot camp program would allow him a shorter prison term, a § 2255 petition requesting a one-year reduction in sentence would serve no valid purpose because the crime to which Wiggins pled guilty carries with it a statutory minimum sixty-month sentence, which is what he received. 21 U.S.C. § 841(b)(1)(B). Despite Wiggins' contention that the Court now has authority to sentence him to forty-eight months under the Supreme Court's decision in *United States v. Booker*, the Court does not in fact have such power in the face of a statutory sentencing scheme that Congress has imposed for Wiggins' particular offense. *See United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005) (explaining that *Booker* does not give a sentencing court discretion to disregard a statutory minimum). In fact, the Court originally sentenced Wiggins to less than the guideline floor, which was sixty-three months. Thus even if his claims were meritorious, a resentencing would result in the same sixty-month result, only this time without the inclusion of a boot camp recommendation. Furthermore, the Court finds persuasive the government's argument that the Court can only *recommend* a defendant to boot camp, but that the final

placement authority lies with the BOP in accordance with its sound correctional judgment and the availability of government resources. 28 C.F.R. § 524.31(b) (2000).

Finally, although Wiggins might have been eligible for early placement in community confinement if he had successfully completed a term at boot camp, he would not be eligible for the six-month sentence reduction authorized by BOP regulations. Congress originally authorized the boot camp program for individuals sentenced between twelve and thirty months. 18 U.S.C. § 4046(a), (c) (1990). Regulations eventually enacted by the BOP extended the boot-camp opportunity to prisoners, like Wiggins, who were serving sentences between thirty and sixty months and who were within twenty-four months of their projected release date, assuming certain qualifications were met. 28 C.F.R. § 524.31(a)(1)(ii). The BOP also issued a regulation that allowed it to reduce prisoners' sentences by up to six months if a prisoner successfully completed both the boot camp and subsequent community confinement, but that provision appears to apply only to those who were sentenced to a maximum of thirty months. 28 C.F.R. § 524.32(d)(2). Clearly, community confinement is preferable to imprisonment, but Wiggins nevertheless will have to serve his entire sixty-month sentence under BOP supervision in one form or another.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss Petitioner Sebastian Wiggins'§ 2255 habeas corpus petition is granted. Wiggins is entitled to file a § 2241 petition in the jurisdiction where he is located if he would like to challenge the terms of his confinement.

_____
Wayne R. Andersen
United States District Judge

Dated: November 23, 2005